## UNITED STATES *v*. BERTROSE Co. (No. 2124).[1]

1. RELATIVE SPECIFICITY.
   Manifestly the language "Works of art, including  *  *  *  pen and ink drawings,  *  *  *  not specially provided for," in paragraph 376, tariff act of 1913, is less specific than "original drawings and sketches in pen and ink," in paragraph 652.

2. CONSTRUCTION, PARAGRAPH 652, TARIFF ACT OF 1913—"AND" MEANING "OR."
   The intention of the provision of paragraph 652, tariff act of 1913, for "original drawings and sketches in pen and ink or pencil and water colors" is not that a pen-and-ink sketch must also be water colored.   The word "and" is used as a term of extension, and has the same meaning as if it were "or."

3. PEN-AND-INK DRAWINGS.
   Pen-and-ink drawings in black and white only, original productions of an artist, imported for use as illustrations in a fashion magazine, are admissible free of duty under paragraph 652, tariff act of 1913, as "original drawings  *  *  *  in pen and ink," and are not dutiable under paragraph 376 as "Works of art, including  *  *  *  pen and ink drawings,  *  *  *  not specially provided for."

### United States Court of Customs Appeals, March 31, 1922.

APPEAL from Board of United States General Appraisers G. A. 8455 (T. D. 38793).

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument February 16, 1922, by Mr. Hoppin and Mr. Brown.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

MARTIN, Judge, delivered the opinion of the court:
The merchandise now in question consists of certain pen-and-ink drawings upon paper or cardboard.   The collector assessed duty upon them at the rate of 15 per cent ad valorem under paragraph 376 of the tariff act of 1913, which reads in part as follows:

376. Works of art, including  *  *  *  pen and ink drawings,  *  *  *  not specially provided for in this section, 15 per centum ad valorem.

---

[1] T. D. 39083.

The importer protested against the assessment, claiming free entry for the merchandise under paragraph 652 of the free list, which reads in part as follows:

652. Original paintings in oil, mineral, water or other colors, pastels, original drawings and sketches in pen and ink or pencil and water colors, * * *.

The protest was submitted to the Board of General Appraisers and was sustained, from which ruling the Government appeals.

As already stated, the present articles are pen-and-ink drawings. They therefore respond eo nomine to one of the dutiable enumerations of paragraph 376, and concededly they would be governed thereby unless they be found to respond also to the enumerations of paragraph 652 of the free list. In the latter event the free-list provision would prevail, since it is manifestly the more narrow and specific of the two. The sole question in the case therefore is whether the imported drawings fall within the free-list classification above copied from paragraph 652.

The drawings are in pen and ink and are in black and white only, without coloring in water colors or any other material. They are the original productions of an artist, and are designed for use as illustrations for Harper's Bazar. They represent human figures in artistic poses, with special emphasis upon costume and draperies, and other similar effects. They are finished drawings and are not mere sketches intended for further elaboration.

The importer claims that the drawings thus described answer directly to the free-list enumeration of "original drawings," contained in paragraph 652.

The Government, on the other hand, denies that claim, and contends that the free-list enumeration in question is limited by force of the succeeding words "and water colors" to such original drawings only as are also colored in water colors. And since the present drawings are concededly uncolored, they would not, according to the Government's claim, fall within the provision in question.

The contention of the Government is clearly set out in a decision of the board (by Board 2) reported in the North American Lace Co. case, T. D. 38501 (G. A. 8371), wherein the Government's position as aforesaid was sustained. The decision reads in part as follows:

The articles for which free entry is provided under said provision are described therein as "original drawings and sketches in pen and ink or pencil and water colors." Clearly such provision contemplates water-color drawings which must be original, but which may be sketched in pen and ink or with pencil. The language is plain and unambiguous and does not admit of the application thereto of a strained construction which would seek to interpret the conjunctive word "and" as meaning the same as the disjunctive word "or."

Upon the other hand, the opposite view was taken by the board (by Board 3) in the decision in the instant case now upon appeal, which reads in part as follows:

We can not accept the meaning attributed to that part of paragraph 652 by Board 2. We think it means that original drawings and sketches in pen and ink are free. Also that original drawings and sketches in pencil, whether the pencil be a water color pencil or a lead pencil, or any other pencil, are free.

We think that the opinion last above copied correctly expresses the true intent of the provision in question. In the first lines of paragraph 652 Congress dealt with the subject of original paintings, and granted free entry to them whether in oil, mineral, water, or other colors. In the following provisions of the paragraph Congress dealt with original pictures produced by delineation as distinguished from painting. The first enumeration of that class is "pastels," which are defined to be "pictures drawn with colored crayons." Next comes the provision now in question, for "original drawings and sketches in pen and ink or pencil and water colors." It seems clear that this provision was designed primarily to favor and benefit the art and practice of original drawing and sketching, whether with pen or pencil, and that the reference therein to water colors was of a permissive rather than mandatory character. Accordingly the free admission of an original drawing or sketch would not depend upon the presence or absence of water coloring thereon.

The opposite interpretation of the provision would convert it into one primarily for water-color productions, with drawing or sketching in pen and ink or pencil as merely a permissive feature thereof. This statement is exemplified by the quotation above taken from the decision of Board 2, wherein it is said that the provision "contemplates water-color drawings which must be original, but which may be sketched in pen and ink or with pencil."

We think, therefore, that the final phrase "and water colors," contained in the provision should be interpreted as a permissive term rather than an exclusive and restrictive one. This view is so convincingly supported by the manifest intendment of the paragraph that we feel justified in reading the conjunctive word "and" of the phrase as if it were written "or." The rule permitting this construction in proper cases is too familiar to require a citation of authorities.

This conclusion is consistent with the opinion of this court in American Colortype Co. *v.* United States (9 Ct. Cust. Appls. 212, 213; T. D. 38046), wherein it was said with reference to the provision now in question:

But the second enumeration contains a limitation not found in the first, which is that it shall apply only to such pictures as are drawn or sketched in pen and ink or pencil, even though they be colored in water colors.

The foregoing expression "even though they be colored in water colors," is equivalent to saying "notwithstanding that they be colored in water colors," and clearly implies that the absence of

water color upon a drawing would not alone prevent its free entry under the classification in question.   It is proper to note, however, that the issue involved in the former case differed essentially from that which is presented in this, and that the foregoing comment was therefore incidental in so far as the present issue is concerned.

In accordance with the foregoing views we hold that the original drawings now in question were entitled to free entry, and the board's decision to that effect is *affirmed.*.