WANAMAKER *v.* UNITED STATES (No. 2307).[1]

EVIDENCE, CONSTRUCTION OF STIPULATION.

A stipulation that certain pen and ink drawings are "of a similar character in all material respects" to those in United States *v.* Bertrose Co. (11 Ct. Cust. Appls. 277; T. D. 39083) refers to the character of the merchandise for purposes of classification; involves a concession that they are, as were those, "original" within the meaning of the provision of paragraph 652, tariff act of 1913, for "original drawings and sketches in pen and ink"; and effects their classification thereunder instead of under paragraph 332 as manufactures of paper.

---

[1] T. D. 40171.

## United States Court of Customs Appeals, April 21, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46029.

[Reversed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument April 10, 1924, by Mr. Tompkins and Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

HATFIELD, Judge, delivered the opinion of the court:

The question presented by the record in this case is whether certain drawings in pen and ink were properly assessed for duty by the collector at 25 per cent ad valorem under paragraph 332 of the tariff act of 1913, or whether they are entitled to free entry under paragraph 652 of the act of 1913 as original drawings in pen and ink, as claimed by the importer in his protest to the collector's classification and assessment.

Paragraph 332 reads as follows:

PAR. 332. Papers or cardboard, cut, die cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, or other forms, and all post cards, not including American views, plain. decorated, embossed, or printed, except by lithographic process, and all papers and manufactures of paper or of which paper is the component material of chief value, not specially provided for in this section, 25 per centum ad valorem.

The pertinent part of paragraph 652 reads as follows:

PAR. 652. Original paintings in oil, mineral, water, or other colors, pastels, original drawings and sketches in pen and ink or pencil and water colors,   *   *   *

The question involved in the case was submitted to the Board of General Appraisers on the following stipulation:

It is hereby stipulated and agreed by and between counsel that the merchandise covered by this protest is of a similar character in all material respects to that which was the subject of a decision in U. S. *v.* Bertrose Company, Suit No. 2124, T. D. 39083, therein held to be free of duty, under paragraph 652 of the tariff act of 1913, and that the record in said T. D. 39083 may be and hereby is incorporated in this case.   Said protest is submitted for decision on this stipulation and all the papers in the case.

The Board of General Appraisers held that—

The stipulation is to the effect that in the judgment of the stipulating parties the drawings in question are of a similar character in all material respects to another importation which was held to be free because it was original.   Now, the fact that they are similar does not prove originality.   Neither does it prove that they are first or second replicas.   Hence we do not think the stipulation warrants us in sustaining the claim of the importer.   The protest is therefore overruled.

We are unable to concur in the views as thus expressed by the Board of General Appraisers.

The language of the stipulation is that the merchandise "* * * is of a similar character in all material respects, * * *" which of course refers to the character of the merchandise for purposes of classification, to the pen and ink drawings held by this court in United States *v.* Bertrose Co. (11 Ct. Cust. Appls. 277; T. D. 39083), to be entitled to free entry under paragraph 652 as "original drawings * * * in pen and ink."

One of the elements of character essential in the merchandise to qualify it for classification under paragraph 652 is originality. If the drawings under consideration are similar in character, for purposes of classification, to drawings admittedly original, the originality of the drawings in question would seem to us to be established.

We are of the opinion that the stipulation in the case warrants but one conclusion, and that is that the merchandise is entitled to free entry under paragraph 652 of the tariff act of 1913 as "original drawings * * * in pen and ink."

The judgment of the Board of General Appraisers is accordingly *reversed.*