NORTH AMERICAN MERCANTILE CO. *v.* UNITED STATES (No. 3322)[1]

[1] T. D. 44030.

United States Court of Customs and Patent Appeals, April 29, 1930

*Frank L. Lawrence (Martin T. Baldwin* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General, for the United States.
*Allan R. Brown, Barnes, McKenna & Halstead, James W. Bevans, Brooks & Brooks, Brown & Carter, Jerome G. Clifford, Comstock & Washburn, Curie, Lane & Wallace, Abraham H. Goodman, Bert Hanson, Benjamin A. Levett, Joseph F. Lockett, Marlow & Hines, John F. Rafter, Edward P. Sharretts, Siegel & Mandell, Walden & Webster,* and *Frank P. Wilson, amici curiæ.*

[Oral argument April 16, 1930, by Mr. Charles D. Lawrence and Mr. Allan R. Brown]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court involving certain merchandise known as "goishi" or "go," imported by appellant on May 25, 1922. It was therefore dutiable under the Tariff Act of 1913. It was classified by the collector as "draughts" and assessed for duty at 50 per centum ad valorem under the provisions of paragraph 341 of said act. Protest was filed by appellant, claiming the merchandise to be dutiable under paragraph 369 of said act at 25 per centum ad valorem as manufactures of shell. Other claims were made in said protest unnecessary for us to consider. The case was not called for trial until September 30, 1929, when the following stipulation was filed:

It is stipulated that items 6527/8 consist of goishi or go, of the same dutiable character as the go covered by Abstract 49273 and therein held dutiable as a manufacture of shell; that the record in said Abstract 49273 may be incorporated herein; that the protest is abandoned as to all other merchandise, and that upon this stipulation and the official record, the protest may be ordered submitted

The Customs Court declined to recognize the above stipulation, assigning as its reason therefor that the statement in the stipulation that the merchandise here in issue is "of the same dutiable character as the go covered by Abstract 49273 and therein held dutiable as a manufacture of shell" was a stipulation as to the law, and was not binding upon the court. The court said:

In so far as this stipulation is an agreement as to the facts in the case it is unquestionably controlling on this court, but so far as it attempts to settle the law in the case this court is not bound by it and will not follow it.

The fact is, however, that when the court rejected the statement in the stipulation "that items 6527/8 consist of goishi or go, of the same

dutiable character as the go covered by Abstract 49273 and therein held dutiable as a manufacture of shell," it in effect rejected the entire stipulation, for it could have no practical effect with the quoted language omitted.

The first question requiring determination is whether the lower court erred in rejecting the stipulation. We are clear that the stipulation should have been accepted as filed. It does not purport to control the court's decision upon any question of law. We regard it as a stipulation of fact, merely identifying the merchandise here in issue with that involved in a former case.

The Customs Court in Abstract 49273 described the merchandise there in issue as follows:

The game of "Go" consists of round disks, black and white, the white made of shell and the black of slate.

The record in that case, which is before us, pursuant to the stipulation, discloses that it was therein stipulated that—

The pieces used in the game of "Go" known as goishi are composed in equal number of shell and of slate, and that the proportion of value of the shell and slate is 51 for the shell and 49 for the slate.

The effect of the stipulation in question was to describe the merchandise here in issue as identical with that involved in Abstract 49273 in substance, component material of chief value, and use. If the merchandise here involved had any other characteristics affecting its classification, the presence thereof would be a question of fact, and a stipulation that there were none such would clearly be binding upon the court. The stipulation here in question does not purport to interpret the law, but to describe the merchandise by reference to the merchandise in another case. Having described the merchandise, the court was free to apply the law as to its classification. The record in the former case was, by the stipulation, incorporated in the record in the case at bar. The court was not bound to follow the decision in the prior case if it believed that such decision was erroneous. It was its duty to examine the evidence found in the record in the former case, apply it to the case at bar, and form its conclusion upon the law and facts before it, as we do upon this appeal, giving full effect to the stipulation.

We might be content with saying no more upon this branch of the case, but in view of the importance of the question of the legal effect of stipulations in customs practice, we would observe that the case of *Salomon & Co.* v. *United States*, 7 Ct. Cust. Appls. 5, T. D. 36255, relied upon by the lower court and quoted from in its decision, does not sustain its position. In the first paragraph of the quotation of

the lower court from the opinion in the *Salomon* case, the following language is found:

It would be a strange thing if litigants or their accredited representatives could not get together and settle for themselves and the court what were the *relevant* facts touching the litigated issues. [Italics not quoted.]

The decision of the Customs Court would deny to "litigants or their accredited representatives" the right to "settle for themselves and the court what were the relevant facts" in the case at bar. The stipulation here in issue does nothing more than settle what the relevant facts are respecting the merchandise here involved. It is true that the question of relevancy is a question of law, but it is not a question of law beyond the competency of a stipulation as to facts. The court in said *Salomon* case said that the parties to an action can not stipulate as to the law, but this statement must be read in connection with the observation which the court there made, as follows:

If it were undertaken, for instance, to stipulate that an agreed statute should receive a stated interpretation it is at once manifest that such a stipulation could not control the court, whose function is to determine for itself that particular thing.

The court then proceeds to state the difference between a stipulation as to relevant facts and a stipulation as to the interpretation of a statute, as follows:

The difference in the two instances is that the *parties* only are interested in the facts in issue between them, while the *public* is interested in the interpretation of the statute.

We think the court below in its decision wholly lost sight of this distinction. In what way, we may inquire, does the stipulation in issue attempt to interpret any provision of the tariff act, or settle any question of law in which the public is interested? In what way would giving full effect to this stipulation affect the court in the interpretation of the law in any other case? Obviously, the effect of this stipulation is of no concern to anyone except the parties thereto, and even as to them only in the case in which the stipulation is made.

We think the court below, in relying upon the *Salomon* case, should also have noted that the stipulation there involved was sustained, and that said stipulation contained the following:

That except as noted in paragraph A of this stipulation said wood pulp *is of the same character for tariff purposes* as that covered by suit 894, * * *. [Italics ours.]

Is there any difference, in effect, in a stipulation that certain merchandise is of the same character for tariff purposes as certain other merchandise designated, and the stipulation in the case at bar that the merchandise "is of the same dutiable character" as certain other designated merchandise? We think not.

In the case of *Wanamaker* v. *United States*, 12 Ct. Cust. Appls. 193, T. D. 40171, this court accepted a stipulation that the merchandise there involved was "of a similar character in all material respects to that which was the subject of a decision in *U. S.* v. *Bertrose Company*." In the opinion, Judge Hatfield, speaking for the court, said:

The language of the stipulation is that the merchandise "* * * is of a similar character in all material respects, * * *" which of course refers to the character of the merchandise for purposes of classification, * * *.

We fail to see any distinction in the effect of the stipulation there accepted and the stipulation in the case at bar.

The authority of the Assistant Attorney General to make stipulations of fact is so well established that it requires no citation of authority, but we call attention to the case of *United States* v. *Zucca & Co.*, 11 Ct. Cust. Appls. 167, T. D. 38959, where the authorities upon this point are fully reviewed, and also because in that case a stipulation was accepted by the court as valid and binding wherein it was agreed that a protest should be sustained in part and overruled in part.

Finally, upon the question of the stipulation, we think it not improper to say that the members of the customs bar, including the Government attorneys, are as a rule attorneys of the highest integrity and established ability. It is to the interest of the public that customs litigation should be expedited in all proper ways, and the courts should adopt a liberal attitude with respect to stipulations, with the presumption that they are made in good faith and with a view of protecting the interests of both sides of the controversy. Should the contrary appear in any given case, it is of course the duty of the court to reject the stipulation. Where the subject matter of a stipulation is as to facts, incidental question of law relating to relevancy, arising in a determination by counsel of the facts to be presented to the court, should not cause the rejection of a stipulation.

The stipulation in question should have been accepted in full by the Customs Court and is accepted by us.

The next question is as to the proper classification of the merchandise in issue upon the record before us.

As we have observed, the merchandise was classified by the collector as "draughts" and assessed for duty under paragraph 341 of said Tariff Act of 1913 at 50 per centum ad valorem, while the protest claims it should have been classified and assessed for duty under paragraph 369 of said act as "manufactures of mother-of-pearl and shell * * * or of which these substances or any of them is the component material of chief value, not specially provided for in this section, or otherwise manufactured, 25 per centum ad valorem."

It is established that the merchandise in issue, known under the name of "go," consists of round disks, black and white, the white

made of shell and the black of slate, the shell being the component material of chief value. It is conceded that they are sold in sets and are entireties. The game is played upon a board having 361 squares, and the number of pieces used in the game is about 250. It is not played like either the game of draughts or chess, and there is no similarity between them as to the board upon which the game is played or the method of playing the game.

We are clear that the classification of the collector can not be sustained and the merchandise is dutiable as "manufactures of mother-of-pearl and shell" at 25 per cent ad valorem, as claimed by appellant.

The judgment of the Customs Court is *reversed* and the cause is *remanded* for further proceedings in conformity with this opinion.